IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREGORY KEITH CLINTON,

    Petitioner,

v.                                          Civil Action No. 3:10CV85
                                          (Criminal Action No. 3:08CR5)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner pled guilty to Count Three of the Indictment entered against him by a federal grand jury in this district, which charged him with distribution of 9.03 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). The guilty plea was entered pursuant to a plea agreement signed by both the United States and the petitioner, in which, in consideration for multiple concessions by the government, the petitioner waived his right to appeal his sentence, but not to collaterally attack it. The petitioner entered his plea in open court on April 24, 2008. This Court conducted a thorough examination of the petitioner's understanding of the consequences of a guilty plea, and of the terms of his plea agreement. Also at the hearing, the United States presented a factual basis for the

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 1999).

plea through the testimony of Sergeant Dean Michael Olack of the Eastern Panhandle Drug and Violent Crimes Task Force, West Virginia State Police, to which testimony the petitioner did not object. Following this Court's determination that the petitioner was aware of the consequences of a guilty plea and of the terms of his plea agreement, that he was competent to enter a plea of guilty, and that a basis in fact had been established for the plea, this Court accepted the petitioner's plea of guilty.

At the petitioner's sentencing hearing on August 5, 2008, this Court accepted the terms of the plea agreement, adjudged the petitioner guilty pursuant to his guilty plea and to the plea agreement, and sentenced the petitioner to eighty-seven months imprisonment.  This sentence was based upon this Court's consideration of a number of factors, including the circumstances of the crime, the petitioner's extensive criminal history as presented in the petitioner's presentence report, and the sentencing objectives set forth in the United States Sentencing Guidelines.

On August 6, 2008, the petitioner filed a notice of appeal. On appeal, the petitioner argued procedural unreasonableness of his sentence on the ground that the testimony of the confidential informant regarding controlled buys of crack cocaine from petitioner was not credible.

The judgment of this Court was affirmed by the United States Court of Appeals for the Fourth Circuit in an unpublished per

curiam opinion on June 11, 2009.  Mandate issued on July 6, 2009. The petitioner did not seek a writ of <u>certiorari</u> from the United States Supreme Court.  The petitioner then filed this motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody.  The government filed a response to the petition, to which the petitioner replied.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice on the basis that the petitioner's claims were all procedurally or time barred, or both.  The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen days after being served with copies of the report.  The petitioner filed a document entitled "Truth" which this Court will construe as objections to the report and recommendation.  However, the petitioner's objections fail to address the grounds upon which the magistrate judge recommends dismissal of his petition, and only serve to reiterate the merits of the claims asserted in his petition.  For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The petitioner has filed objections and, while these objections are nonresponsive to the grounds for dismissal recommended by the magistrate judge, this Court will nonetheless undertake a *de novo* review of the report and recommendation.

## III. Discussion

In his § 2255 petition, the petitioner asserts two bases for federal habeas corpus relief. First, he alleges, as he did in his direct appeal, that at his August 5, 2008 sentencing hearing, "witness for the Government, Mr. Francesconi ["CI"] provided false and misleading statements to the court." Second, the petitioner asserts that the Assistant United States Attorney ("AUSA") committed prosecutorial misconduct at the sentencing hearing by: (1) permitting the CI to provide false and misleading statements that she "knew or should have known" were false; and by (2) encouraging the CI to provide false statements. The United States responded, presenting three defenses to the allegations in the petition: (1) that neither of the issues which the petitioner presents as grounds for relief are authorized under § 2255; (2)

that the issues of prosecutorial misconduct were not raised on appeal, and thus cannot be raised in this, a collateral proceeding under § 2255; and (3) because the petitioner has neither demonstrated 'cause' and actual prejudice nor actual innocence, his claims are procedurally defaulted.

In the petitioner's reply to the United States' response, he alleges that the United States failed to respond to all of the allegations made in his petition, and also reiterates these claims. Further, he raises new allegations for the first time and without leave of court. These new allegations include five new alleged instances of prosecutorial misconduct, all relating to the testimony of the CI, two allegations of ineffective assistance of trial counsel at the sentencing hearing, and one allegation of ineffectiveness of appellate counsel in failing to utilize evidence provided to him by the petitioner's sister which the petitioner claims support his assertion that the CI testified falsely. In the report and recommendation, the magistrate judge found that the petitioner's claims should be dismissed in their entirety as procedurally or time barred.

A.  <u>Procedurally barred claims</u>

   1.  <u>Claims previously rejected on appeal</u>

The magistrate judge first found that the petitioner's first allegation, that the CI gave false and misleading testimony regarding the petitioner's relevant conduct, was raised and fully decided on appeal. Claims which are raised and rejected on direct

appeal may not be raised in a later collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976) (citing Herman v. United States, 227 F.2d 335 (4th Cir. 1955)). Accordingly, the magistrate judge recommends that the petitioner's first claim be dismissed as previously decided and procedurally barred. After review of the record, this Court agrees and will thus dismiss this claim as procedurally barred. See United States v. Clinton, 331 F. App'x 262, 263 (4th Cir. 2009) (unpublished) ("Clinton appeals, challenging the procedural reasonableness of his sentence on the ground that the confidential informant was not credible. We affirm.") (emphasis added)).

    2.   Constitutional claims not previously raised on appeal

The magistrate judge next correctly recognized in his report and recommendation that generally, constitutional issues not raised on appeal cannot later be raised in a § 2255 petition. However, as the magistrate judge further explained, an exception applies which allows a petitioner to raise such constitutional issues in a collateral attack if he can demonstrate both cause for his failure to raise the issue on appeal AND actual prejudice resulting from the issues which he seeks to raise. As stated by the United States Court of Appeals for the Fourth Circuit:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains . . . .

United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (emphasis added) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994)).

In the alternative, if a petitioner is unable to show cause and actual prejudice, he may "demonstrate that a miscarriage of justice would result from the refusal of the court to entertain a collateral attack." Mikalajunas, 186 F.3d at 493. Such "miscarriage of justice" must be established by showing "actual innocence," by clear and convincing evidence. Id. "Actual innocence" is described as a showing that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 621 (1998).

The magistrate judge concluded that all claims of prosecutorial misconduct, both those raised in the petitioner's original petition, and those raised for the first time in his reply to the United States' response thereto constitute constitutional claims[2] which were not raised on direct appeal. Based upon the above requirements for bringing these claims in a § 2255 proceeding after failing to raise them on appeal, Magistrate Judge Seibert also found that the petitioner failed to demonstrate or even to

---

[2]As explained by the magistrate judge, these claims constitute allegations of violations of the petitioner's Fifth Amendment right to due process.

allege the required showing of "cause" and "prejudice," or in the alternative, of "actual innocence." Mikalajunas, 186 F.3d at 493.

After review of the filings in this case, this Court can find no attempt by the petitioner to explain the reason why these claims were not raised on appeal,[3] or how the failure to raise the same prejudiced him. Further, as the magistrate judge accurately explains, the petitioner has not only failed to claim actual innocence, but in the face of his sworn testimony at his plea hearing wherein he admitted that he was guilty of the charge to which he pled guilty, could not so claim at this point. Accordingly, this Court agrees with the findings and conclusions of the magistrate judge, and dismisses all claims of prosecutorial misconduct, both those raised in the original petition and those raised for the first time in the petitioner's reply, as procedurally barred as well.

B.  Time-barred claims

The only remaining claims raised by the petitioner in either his original motion or in his reply to the United States' response are those of ineffective assistance of trial counsel at the sentencing hearing and ineffective assistance of appellate counsel on his direct appeal. The magistrate judge found these claims to

---

[3]The petitioner does claim ineffective assistance of appellate counsel in his reply to the United States' response. However, his allegations of ineffective assistance of appellate counsel relate to appellate counsel's failure to present evidence which he believed supported the claims that the CI testified falsely. No assertion is made that appellate counsel failed to raise the petitioner's claims of prosecutorial misconduct.

be barred by the one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA").[4] 28 U.S.C. § 2244(d)(1). Under the facts of this case, the one-year AEDPA statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2241(d)(1)(A). This limitations period is tolled until the time period for filing a petition for a writ of certiorari from the United States Supreme Court has expired, even if the petitioner does not file such a petition. See Clay v. United States, 537 U.S. 522 (2003).

As noted above, the Fourth Circuit entered judgment dismissing the petitioner's direct appeal on June 11, 2009. Accordingly, the petitioner's deadline to file a petition for a writ of certiorari was September 11, 2009. The magistrate judge properly based his calculations of the time limitation period upon this date and thus correctly found that the petitioner's sentence became final and the statute of limitations expired on September 11, 2010. The petitioner did not raise any ineffective assistance of counsel claims until he filed his reply brief-on September 24, 2010. Accordingly, the magistrate judge concluded that these claims are

---

[4]This Court notes that the United States has not raised the statute of limitations a defense to these claims, which were only introduced following its response to the petition. However, Fourth Circuit law allows courts to raise the AEDPA limitations period sua sponte. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

time barred as filed after the expiration of the statute of limitations on September 11, 2010.

Magistrate Judge Seibert also considered whether or not the ineffective assistance of counsel claims could be considered timely by "relating back" to the date that the petitioner filed his original § 2255 petition in this case, prior to the expiration of the statute of limitations on August 18, 2010. "Relation back" under Rule 15(c)(2) of the Federal Rules of Civil Procedure allows claims raised in an amended pleading to be considered filed on the date of the filing of the original pleading for statute of limitations purposes when "the original and amended petition state claims that are tied to a common core of operative facts." Fed. R. Civ. P. 15(c)(2).

Based upon this requirement for relation back, the magistrate judge then found that the petitioner's claims of ineffective assistance of counsel did not arise out of a "common core of operative facts" as the allegations raised in the original motion and thus could not relate back to avoid being time barred. For the following reasons, this Court agrees with this conclusion.

First, it is clear without additional explanation that the claim of ineffective assistance of appellate counsel does not arise out of the same "conduct, transaction, or occurrence" as the original petition. United States v. Pittman, 209 F.3d 314, 317-19 (4th Cir. 2000). The original petition dealt entirely with the truthfulness of a government witness at the petitioner's sentencing

10

hearing and the conduct of the AUSA with regard to that witness. The allegations made in the reply allege failings of appellate counsel on appeal to utilize all evidence available to support the petitioner's appeal. The claims regarding appellate counsel arose from an entirely different proceeding and portion of this case, and do not concern the same type of conduct. Accordingly, the petitioner's claims of ineffective assistance of counsel on appeal do not relate back and are time barred.

With regard to the allegations of ineffective assistance of trial counsel, the petitioner alleges that trial counsel was ineffective by "opening the door" to a new line of testimony by the CI, and by leading the CI at the sentencing hearing. The magistrate judge correctly noted in his report and recommendation that, simply because all of the allegations made in the original petition and the allegations of ineffective assistance of trial counsel arise from the same proceeding does not mean that they arise out of the same "conduct, transaction or occurrence." See Pittman, 209 F.3d at 318. Rather, relation back is only proper when the new claims allege the same "time and type" of "conduct, transaction or occurrence as the original petition." Id. (quoting United States v. Craycraft, 167 F.3d 451, 456-457 (8th Cir. 1999)).

The magistrate judge found that the allegations made regarding ineffective assistance of trial counsel tangentially relate to the allegations made in the original petition. However, he also found that, the original claims only dealt with conduct by the CI and by

the AUSA, and make no mention of conduct of trial counsel. Accordingly, they do not arise out of the same "time and type" of conduct and do not share a common "conduct transaction, or occurrence" with any claim raised in the original petition. Finally, the magistrate judge noted that the petitioner was aware of these allegations at the time that he filed his original petition but failed to include them, and thus should not receive the benefits of relation back.  This Court agrees and as such, finds that the petitioner's claims of ineffective assistance of trial counsel are also time barred.

## IV.  Conclusion

For the reasons stated above and upon de novo review, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED IN ITS ENTIRETY.  Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter.  Specifically, the Court finds that the petitioner has not made a "substantial showing

of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 19, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE